**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF WISCONSIN**
**MILWAUKEE DIVISION**

| | |
|---|---|
| REGINA MORGAN, Individually and on Behalf of All Others Similarly Situated, | Case No.: 20-cv-28 |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | **Jury Trial Demanded** |
| ONLINE INFORMATION SERVICES, INC., | |
| Defendant. | |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiffs pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Regina Morgan is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect debts from her that were allegedly incurred for personal, family or household purposes.

5. Defendant Online Information Services, Inc. ("OIS") is a foreign corporation with its principal place of business located at 444 Highway 96 East, St. Paul, Minnesota 55164-0444.

6. OIS is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7. OIS is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes.

8. OIS is licensed as a "Collection Agency" by the Wisconsin Department of Financial Institutions pursuant to Wis. Stat. § 218.04 and Wis. Admin. Code Ch. DFI-Bkg. 74.

9. OIS is a "debt collector" as defined in 15 U.S.C. § 1692a and § 427.103(3), Wis. Stats.

## FACTS

10. On or about August 19, 2019, OIS mailed a debt collection letter to Plaintiff regarding an alleged debt owed to "WE ENERGIES." A copy of this letter is attached as Exhibit A.

11. Upon information and belief, the alleged debt referenced in Exhibit A was incurred for personal utility services.

12. Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

13. Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

14. Upon information and belief, Exhibit A is a form debt collection letter used by Defendant to attempt to collect alleged debts.

15. Upon information and belief, Exhibit A is the first written communication Defendant mailed to Plaintiff regarding the alleged debt referenced in Exhibit A.

2

16. <u>Exhibit A</u> includes the following representation which largely reflects the statutory validation notice that the FDCPA, 15 U.S.C. § 1692g, requires the debt collector mail the alleged debtor along with, or within five days of, the initial communication:

> UNLESS YOU DISPUTE THE VALIDITY OF THIS DEBT, OR ANY PORTION THEREOF, WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE, THIS OFFICE WILL ASSUME THE DEBT IS VALID. IF YOU NOTIFY THIS OFFICE IN WRITING WITHIN 30 DAYS OF RECEIPT OF THIS NOTICE THAT THE DEBT, OR ANY PORTION THEREOF, IS DISPUTED, THIS OFFICE WILL OBTAIN VERIFICATION OF THE DEBT OR A COPY OF A JUDGMENT AGAINST YOU AND MAIL YOU A COPY OF SUCH JUDGMENT OR VERIFICATION. UPON YOUR WRITTEN REQUEST WITHIN THE 30 DAY PERIOD, THIS OFFICE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR.

17. <u>Exhibit A</u> also includes the following representation:

> **ACCOUNT SUMMARY**
> **Creditor:** WE ENERGIES  **Account #:** ▒▒▒▒0396
> **Date of Service:** July 24, 2018  **Service For:** 8843 W APPLETON AVE
> **PIN#:** ▒▒▒▒▒▒
> **Amount Owed:** $722.25

18. <u>Exhibit A</u> thus states that the "Date of Service" is July 24, 2018.

19. The representation that the debt is associated with a "Date of Service" of July 24, 2018 is confusing and misleading to the unsophisticated consumer.

20. <u>Exhibit A</u> attempts to collect an alleged debt owed to "WE ENERGIES," a utility provider.

21. On the face of <u>Exhibit A</u>, it is impossible to determine whether the alleged debt sought in <u>Exhibit A</u> utility services was incurred for utility services provided *beginning* on July 24, 2018, or *ending* on July 24, 2018.

22. The unsophisticated consumer receiving <u>Exhibit A</u> would not know whether <u>Exhibit A</u> sought to collect a debt incurred for utility services that were provided *after* she moved out of or *before* she moved into her prior residence.

3

23. Exhibit A thus misstates the "Date of Service" associated with Plaintiff's alleged debt.

24. Misstating the "Date of Service" associated with a consumer's alleged debt is a material misrepresentation because, among other things, it undermines the perceived legitimacy of the collection effort. *See, e.g.*, *Derosia v. Credit Corp. Sols.*, 17-cv-1671-WED, 2018 U.S. Dist. LEXIS 50016, at *7-8 (E.D. Wis. Mar. 27, 2018) (citing *Radaj v. ARS Nat'l Services, Inc.*, No. 05-cv-0773, 2006 U.S. Dist. LEXIS 68883, at *9-10 (E.D. Wis. Sept. 12, 2006)).

25. Further, the upper portion of Exhibit A is a payment remittance slip that is designed to be mailed to Defendant along with the consumer's payment.

26. The payment remittance slip in Exhibit A does not contain Defendant's phone number.

27. Wis. Admin. Code § DFI-Bkg. 74.11(6) ("Collection notices") states:

**(6)** COLLECTION NOTICES.

> (a) Except as provided in pars. (b) and (c), every collection notice mailed or delivered by a licensee shall contain the collection agency's licensed name, mailing address, and telephone number, both as part of the letterhead and on the portion of the collection notice designed to be returned to the agency with the debtor's communication or payment.
>
> (b) A collection notice mailed in the creditor's name does not need to disclose the collection agency's licensed name, mailing address or telephone number.
>
> (c) A collection notice mailed in the collection agency's name does not need to disclose the collection agency's telephone number if the collection notice includes the creditor's telephone number and directs the debtor to contact the creditor at the creditor's telephone number.

28. Because Defendant is licensed as a "Collection Agency" by the Wisconsin DFI, Wisconsin law expressly requires that "every collection notice" that Defendant mails "shall contain the collection agency's … telephone number, **both** as part of the letterhead **and on the**

4

***portion of the collection notice designed to be returned to the agency*** with the debtor's communication or payment." Wis. Admin. Code § DFI-Bkg. 74.11(6).

29. Defendant had a duty to provide its telephone number in both the payment remittance slip and its letterhead.

30. The Wisconsin Department of Financial Institutions expressly adopted Wis. Admin. Code § DFI-Bkg. 74.11(6)(a) to require licensed Collection Agencies to provide this information because it is material. *C.f., Janetos v. Fulton Friedman & Gullace*, 825 F.3d 317, 324 (7th Cir. 2017):

> The undisputed facts show a failure here. Since [the law] clearly requires the disclosure, we decline to offer debt collectors a free pass to violate that provision on the theory that the disclosure Congress required is not important enough. There is also no need for individual inquiry about the materiality to any given recipient. *Cf. Warren v. Sessoms & Rogers, P.A.*, 676 F.3d 365, 374 (4th Cir. 2012) (declining to establish a materiality requirement for violations of § 1692e(11), which requires debt collectors to disclose their status as debt collectors, because the 'statute expressly prohibits this exact *omission*") (emphasis in original), abrogated on other grounds, *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 193 L. Ed. 2d 571 (2016).

31. Exhibit A does not contain Defendant's telephone number on the payment remittance slip, in violation of Wis. Admin. Code § 74.11(6)(a).

32. Defendant's failure to provide its telephone number in its payment remittance slip is materially deceptive and unfair to the unsophisticated consumer.

33. Plaintiff was confused and misled by Exhibit A.

34. The unsophisticated consumer would be confused and misled by Exhibit A.

### ***The FDCPA***

35. The FDCPA creates substantive rights for consumers; certain violations cause injury to consumers, and such injuries are concrete and particularized. *Derosia*, 2018 U.S. Dist. LEXIS 50016, at *12 ("'a plaintiff who receives misinformation form a debt collector has suffered

5

the type of injury the FDCPA was intended to protect against' and 'satisfies the concrete injury in fact requirement of Article III.'") (quoting *Pogorzelski v. Patenaude & Felix APC*, 2017 U.S. Dist. LEXIS 89678, 2017 WL 2539782, at *3 (E.D. Wis. June 12, 2017)); *Spuhler v. State Collection Servs.*, No. 16-CV-1149, 2017 U.S. Dist. LEXIS 177631 (E.D. Wis. Oct. 26, 2017) ("As in Pogorzelski, the Spuhlers' allegations that the debt collection letters sent by State Collection contained false representations of the character, amount, or legal status of a debt in violation of their rights under the FDCPA sufficiently pleads a concrete injury-in-fact for purposes of standing."); *Lorang v. Ditech Fin. LLC*, 2017 U.S. Dist. LEXIS 169286, at *6 (W.D. Wis. Oct. 13, 2017) ("the weight of authority in this circuit is that a misrepresentation about a debt is a sufficient injury for standing because a primary purpose of the FDCPA is to protect consumers from receiving false and misleading information."); *Qualls v. T-H Prof'l & Med. Collections, Ltd.*, 2017 U.S. Dist. LEXIS 113037, at *8 (C.D. Ill. July 20, 2017) ("Courts in this Circuit, both before and after Spokeo, have rejected similar challenges to standing in FDCPA cases.") (citing *Hayes v. Convergent Healthcare Recoveries, Inc., 2016 U.S. Dist. LEXIS 139743 (C.D. Ill. 2016)); Long v. Fenton & McGarvey Law Firm P.S.C.*, 223 F. Supp. 3d 773, 777 (S.D. Ind. Dec. 9, 2016) ("While courts have found that violations of other statutes … do not create concrete injuries in fact, violations of the FDCPA are distinguishable from these other statutes and have been repeatedly found to establish concrete injuries."); *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a

6

lawsuit."); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

36. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

37. Misrepresentations of substantive information about the debt collector or the debt, including the debt collector's licensing status in Wisconsin, injures or risks injury to interests expressly protected by Congress in the FDCPA. *See Oloko v. Receivable Recovery Servs.*, 2019 U.S. Dist. LEXIS 140164 (N.D. Ill. Aug. 19, 2019); *Encore Receivable Management, Inc.*, 18-cv-1484-WED, 2019 U.S. Dist. LEXIS 134377 (E.D. Wis. Aug. 9. 2019); *Richardson v. Diversified Consultants*, No. 17-cv-4047, 2019 U.S. Dist. LEXIS 118786 *10-11 (N.D. Ill. July 17, 2019) ("the receipt of a communication misrepresenting the character of the debt (here, the amount owed) is the kind of injury that Congress sought to prevent through the FDCPA. 'Such an injury falls squarely within the ambit of what Congress gave consumers in the FDCPA: 'a legally protected interest in certain information about debts,' with 'deprivation of information about one's debt (in

a communication directed to the plaintiff consumer) a cognizable injury.'" (internal citations omitted); *see also Pierre v. Midland Credit Mgmt., Inc.*, 2017 WL 1427070, at *4 (N.D. Ill. Apr. 21, 2017); *Saenz v. Buckeye Check Cashing of Illinois*, 2016 WL 5080747, at *1-2 (N.D. Ill. Sept. 20, 2016); *Bernal v. NRA Grp., LLC*, 318 F.R.D. 64, 72 (N.D. Ill. 2016) (holding that Plaintiff had standing to challenge misleading communication sent to him because the communication violated his "right to be free from such misleading communications"). Such misrepresentations may cause consumers to make incorrect decisions about their finances or make payments to incorrect parties.

38. 15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

39. 15 U.S.C. § 1692e(2)(a) specifically prohibits the "false representation of the character, amount, or legal status" of an alleged debt.

40. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

41. 15 U.S.C. § 1692f generally prohibits any "unfair or unconscionable means to collect or attempt to collect any debt."

## COUNT I – FDCPA

42. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

43. By listing a "Date of Service" as July 24, 2018, Exhibit A includes representations which are false, deceptive, and misleading to the unsophisticated consumer.

44. OIS violated 15 U.S.C. §§ 1692e, 1692e(2)(a), and 1692e(10).

8

## COUNT II – FDCPA

45. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

46. Defendant is licensed as a Collection Agency by the Wisconsin Department of Financial Institutions pursuant to Wis. Stat. § 218.04 and Wis. Admin. Code Ch. DFI-Bkg. 74.

47. The payment remittance slip in Exhibit A does not contain Defendant's telephone number.

48. Defendant violated Wis. Admin. Code § 74.11(6).

49. Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(a), 1692e(10), and 1692f.

## CLASS ALLEGATIONS

50. Plaintiff brings this action on behalf of a Class, consisting of (a) all natural persons in the State of Wisconsin (b) to whom defendant OIS sent a collection letter in the form of Exhibit A to the Complaint in this Action, (c) seeking to collect one or more debts incurred for personal, family, or household services, (d) on or after January 7, 2020, and up to and including January 7, 2020 (e) that was not returned by the postal service.

51. The Class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of the Class.

52. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether Exhibit A violates the FDCPA.

53. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

54. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

55. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

56. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff request that the Court enter judgment in favor of Plaintiff and the Classes and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: January 7, 2020

**ADEMI & O'REILLY, LLP**

By: /s/ John D. Blythin
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Jesse Fruchter (SBN (1097673)
Ben J. Slatky (SBN 1106892)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
jblythin@ademilaw.com
meldridge@ademilaw.com
jfruchter@ademilaw.com
bslatky@ademilaw.com